# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALLIANT ENERGY CORPORATE SERVICES, INC, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: 1:18-cv-00044 |
| v. | )<br>) |
| MOR STRATEGY GROUP, LLC | ) COMPLAINT<br>) Jury Trial Demanded |
| Defendant. | ) |

Plaintiff Alliant Energy Corporate Services, Inc. ("Alliant Energy"), for its Complaint against Defendant MOR Strategy Group ("MOR"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract. Plaintiff Alliant Energy contracted with Defendant MOR to manage certain Alliant Energy employee benefits. As part of the parties' agreement, MOR agreed to provide quarterly records relating to Alliant Energy's employee accounts. Alliant Energy has requested that MOR provide Alliant Energy with records relating to Alliant Energy's employee accounts. MOR has not provided Alliant with the required information. MOR's refusal to provide Alliant with its employee account records constitute a breach of the parties' agreement.

## PARTIES, JURISDICTION AND VENUE

2. Alliant is an Iowa corporation having its principal place of business at 200 First Street SE, Cedar Rapids, Iowa 52401. It is a wholly-owned subsidiary of Alliant Energy Corporation, a Wisconsin energy holding company that, through its subsidiaries, provides

electrical and natural gas services to customers in Iowa and Wisconsin. Alliant is a service company that provides administrative services to Alliant Energy Corporation's subsidiaries.

3. On information and belief, Defendant is a limited liability corporation organized and existing under the laws of the state of Indiana having its principal place of business at 958 Mezzanine Dr, Lafayette, Indiana 47905. Defendant designs and manages health care plans for companies.

4. Venue and jurisdiction in this district are proper because Alliant and Defendant agreed that all actions relating to the agreement at issue may be litigated in this Court. The agreement that is the subject of this lawsuit provides that "the parties hereby consent to the jurisdiction of any state or federal court located within Linn County, Iowa and each irrevocably agrees that all actions or proceedings relating to this agreement may be litigated in such courts and hereby waives any objection that each may have based on improper venue or forum non conveniens to the conduct of any proceedings in any such court."

5. By its express terms, the agreement, and any and all claims arising out of Services performed under the agreement, are governed by the laws of the State of Iowa.

6. The amount in controversy herein exceeds $75,000.00.

**RECITATION OF FACTS**

7. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-6 as though fully set forth herein.

8. Pursuant to a Consulting Services Agreement designated as Contract No. 26152 ("Consulting Services Agreement") between Alliant and Defendant, and as amended, Defendant provided services to Alliant with respect to Alliant's employee health care and benefits plan. As part of this Consulting Services Agreement, Defendant managed Alliant employee flexible spending accounts (FSAs) and health reimbursement accounts (HRAs).

9. Paragraph 21 of the Consulting Services Agreement provides that, "Consultant agrees to maintain books and records relating to the Services for a period of three years from the termination date of their Consulting Services Agreement and, if requested, to make such books and records available to [Alliant] at a reasonable time and place for inspection."

10. In addition, the Consulting Services Agreement includes an Exhibit A, entitled "Form of Statement of Work," which was amended from time to time and by its terms was subject to all the terms and conditions of the Consulting Services Agreement. The Statements of Work from at least January 2011 to the end of the Consulting Services Agreement in 2017 required as part of MOR's services, "[q]uarterly reporting to [Alliant] on participant deposits, usage and balance information" under the Alliant employee benefit/compensation delivery system.

11. MOR did not provide quarterly reporting as required under the Consulting Services Agreement.

12. Alliant has become aware of potential billing of Alliant by MOR for expenses that could or should have been paid by and through employee HRA and/or FSA accounts.

13. Pursuant to its rights under the Consulting Services Agreement, Alliant has, on multiple occasions, including, but not limited to, a letter dated August 2, 2017, to Matt Skiles, Chief Financial Officer and Chief Operating Officer of MOR, requested that MOR produce records relating to its employee FSAs and HRAs from 2013 through the end of the Consulting Services Agreement. Such information includes, but is not limited to, account deposits, withdrawals, transfers and balances. MOR's failure to produce the requested records constitutes a breach of the Consulting Services Agreement, and renders Alliant unable to reconcile MOR's billing with the balances and activity in the employee HRA and/or FSA accounts.

139074306.2

14. Alliant notified MOR at least as early as August 2, 2017, that MOR's failure to provide employee records to Alliant constitutes a breach of the Consulting Services Agreement.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-14 as though fully set forth herein.

16. The Consulting Services Agreement between Alliant and MOR is a valid and enforceable contract. Alliant has fulfilled all of its contractual obligations under the Consulting Services Agreement.

17. MOR has and continues to breach the Consulting Services Agreement through its failure to provide quarterly reports as required by the Consulting Services Agreement, and its continuing refusal to provide records relating to Alliant employee accounts constitute a breach of the Consulting Services Agreement.

18. MOR's breach has caused damages to Alliant. Among other damages, Alliant has been deprived of its ability to determine the activity and balances of its employee-funded health care and reimbursement accounts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment that:

A. Defendant is liable to Alliant for breach of contract;

B. Defendant must produce all records related to the Alliant employee accounts described herein from January 2013 to the present, including records relating to deposits, withdrawals, transfers and balance information;

C. Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendant's breach of the Consulting Services Agreement;

D. Plaintiff be awarded all actual and compensatory damages for any improper billing of Alliant under the Consulting Services Agreement; and

E. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

Dated: April 18, 2018.

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ Brian J. Fagan
Brian Fagan
bfagan@spmblaw.com
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
(319) 366-7641 (Phone)
(319) 366-1917 (Facsimile)

*Attorneys for Plaintiff,*
*Alliant Energy Corporate Services, Inc.*